UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HECTOR GONZALEZ,

Plaintiff,

-against-

SEPTEMBER 11TH VICTIM COMPENSATION FUND; SHEILA BIRNBAUM, SPECIAL MASTER,

Defendants.

15-CV-8362 (LAP)

ORDER OF DISMISSAL

LORETTA A. PRESKA, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action seeking compensation from the September 11 Victim Compensation Fund. By order dated December 9, 2015, the Court granted Plaintiff's request to proceed *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff, a survivor of the September 11, 2001, terrorist attack, asserts that on August 20, 2015, his application to the September 11 Victim Compensation Fund was approved, but he has since been placed on "compensation review" and has not received his money. Plaintiff brings this action seeking $2 million in compensation.

## DISCUSSION

The Victims Compensation Fund ("VCF"), established by Congress in 2001 and expanded by the James Zadroga 9/11 Health and Compensation Act of 2010, Pub. L. No. 111-347, 124 Stat. 3623 (2011), provides an administrative path to relief for those injured as a result of the September 11 terrorist attacks. *In re World Trade Center Lower Manhattan Disaster Site Litigation*, 954 F. Supp. 2d 192, 196 (S.D.N.Y. 2012). Although participation in the VCF is voluntary, it requires that a party not be a participant in any lawsuit relating to the September 11th attacks. *Id.* This is because Congress established the VCF to provide compensation to victims of the September 11th attacks without facing the uncertainties of litigation.

To balance the extraordinary relief provided by the VCF, Congress enacted a waiver provision. Upon the submission of a claim to the VCF, the claimant "waives the right to file a civil action, or to be a party to an action, in any Federal or State court for damages sustained as a result of the terrorist-related aircraft crashes." *Virgilio v. City of New York*, No. 03-CV-10156, 2004 WL 433789, at *1 (S.D.N.Y. Mar. 10, 2004), *aff'd*, 407 F.3d 105 (2d Cir. 2005). In short, Congress provided a choice between applying to the VCF or filing a lawsuit. *See Graybill v. City of New York*, 247 F. Supp. 2d 345, 349 (S.D.N.Y. 2002).

As Plaintiff has filed a claim to the VCF, he has waived his right to file a lawsuit related to the September 11th attacks. [1]

Furthermore, even if the Court were to construe Plaintiff's claim as a request for judicial review of the VCF's actions with respect to his application, it must still be dismissed. The Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, provides for judicial review of agency action that is "unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Judicial review is unavailable, however, with respect to agency action that "is committed to agency discretion by law." *Id.* § 701(a)(2). "There is no jurisdiction if the governing statute or regulations '[are] drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion.'" *Schneider v. Feinberg*, 345 F.3d 135, 148 (2d Cir. 2003) (*per curiam*) (quoting *Heckler v. Chaney*, 470 U.S. 821, 830 (1985)).

In *Schneider*, the Second Circuit determined that the APA's "arbitrary and capricious" standard does not provide a "meaningful standard" to review the VCF's action with respect to compensation. *Schneider*, 345 F.3d at 138. Under the statute creating the VCF, Congress authorized the Attorney General to appoint a Special Master to administer the VCF. *Id.* at 138. The statute does not guide or limit the Special Master's discretion but "expressly allows the Attorney General and the Special Master to adopt all substantive and procedural regulations necessary to resolve claims beyond the reach of judicial review." *Id.* This broad grant of absolute discretion to the Special Master in overseeing the VCF precludes judicial review of determinations of compensation from the VCF. *Id.*

---

[1] Plaintiff has previously filed an action in this Court seeking to compel the VCF to certify him for compensation. *See Gonzalez v. Stewart*, No. 14-CV-6138 (LAP) (S.D.N.Y. Oct. 27, 2014). On October 27, 2014, the complaint was dismissed because Plaintiff had filed a claim with the VCF, thus waiving his right to file a lawsuit. *Id.*

Because this Court is precluded from reviewing Plaintiff's challenge to the VCF's actions with respect to his application, the complaint must be dismissed.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 17, 2016
New York, New York

Loretta A. Preska
LORETTA A. PRESKA
Chief United States District Judge